## CASE NO. 19-4703

# IN THE
# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff - Appellee,*

v.

RICHARD GREEN,

*Defendant - Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE

## OPENING BRIEF OF APPELLANT
## RICHARD GREEN

Julie Marie Reamy
JULIE M. REAMY, ATTORNEY AT LAW, LLC
115 West Saratoga Street
Suite 2125
Baltimore, MD 20201
410-605-0000
juliereamy@gmail.com

*Counsel for Appellant*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................... iii

PRELIMINARY STATEMENT ........................................................1

STATEMENT OF SUBJECT MATTER AND
    APPELLATE JURISDICTION.............................................1

STATEMENT OF THE ISSUE PRESENTED FOR REVIEW ...............1

STATEMENT OF THE CASE.........................................................1

    *Procedural History* ..................................................................1

    *Offense Conduct*......................................................................3

    *Sentencing* ...............................................................................4

SUMMARY OF THE ARGUMENT ................................................5

STANDARD OF REVIEW .............................................................8

ARGUMENT ................................................................................9

    I.    THE CATEGORICAL APPROACH IS USED TO DETERMINE
        WHETHER AN OFFENSE QUALIFIES AS A "CRIME OF
        VIOLENCE" UNDER THE CAREER OFFENDER GUIDELINES. ......9

        A.  The Categorical vs. Modified Categorical Approach .........9

        B.  Hobbs Act robbery is an indivisible offense and the categorical
            approach must be used to determine whether the offense qualifies
            as a "crime of violence" under the career offender guideline ..........14

    II.   HOBBS ACT ROBBERY CATEGORICALLY FAILS TO
        QUALIFY AS A "CRIME OF VIOLENCE" UNDER EITHER THE
        FORCE CLAUSE OR THE ENUMERATED OFFENSES CLAUSE
        OF U.S.S.G. §4B1.2(a)...........................................................17

A.  Hobbs Act robbery does not qualify as a "crime of violence" under U.S.S.G. 4B1.2(a)(1)'s "force clause." ....................................17

B.  Hobbs Act robbery is not a "crime of violence" under § 4B1.2's "enumerated offenses clause." ...........................................................21

1.  Hobbs Act robbery does not meet the generic definition of robbery .............................................................................................21

2.  Hobbs Act robbery is not extortion as defined under U.S.S.G. § 4B1.2 because it can be committed by threatening property ......................................................................26

CONCLUSION.........................................................................................................30

STATEMENT REGARDING ORAL ARGUMENT .............................................30

CERTIFICATE OF COMPLIANCE.....................................................................31

CERTIFICATE OF SERVICE ..............................................................................32

# TABLE OF AUTHORITIES

## Cases

*Descamps v. United States*,
133 S. Ct. 2276 (2013) ...................................................................... 5, 12, 16, 18

*Descamps v. United States*,
570 U.S. 254 (2013) ................................................................ 5, 10, 11, 12, 16

*Johnson v. United States*,
559 U.S. 133 (2010) ................................................................................. 18

*Mathis v. United States*,
136 S. Ct. 2243 (2016) .......................................................................... 11, 12

*Ocasio v. United States*,
136 S. Ct. 1423 (2016) ................................................................................ 25

*Omargharib v. Holder*,
775 F.3d 192 (4th Cir. 2014) .................................................................. 12, 13

*Rendon v. Holder*,
764 F.3d 1077 (9th Cir. 2014) ....................................................................... 12

*Shepard v. United States*,
544 U.S. 13 (2005) ...................................................................................... 11

*Taylor v. United States*,
495 U.S. 575, 110 S. Ct. 2143, 109 L.Ed.2d 607 (1990) ............................. 11, 22

*United States v. Allen*,
446 F.3d 522 (4th Cir. 2006) .......................................................................... 8

*United States v. Aparicio-Soria*,
740 F.3d 152 (4th Cir. 2014) .......................................................................... 9

*United States v. Bankston*,
901 F.3d 1100 (9th Cir. 2018) ....................................................................... 25

*United States v. Camp*,
903 F.3d 594 (6th Cir. 2018) ................................................................. *passim*

*United States v. Carthorne*,
726 F.3d 503 (4th Cir. 2013) .......................................................................... 10

*United States v. Eason,*
  953 F.3d 1184 (11th Cir. 2020) ................................................ 8, 20, 24, 26, 28-29

*United States v. Edling,*
  891 F.3d 1190 (9th Cir. 2018) ....................................................... 24, 30

*United States v. Edling,*
  895 F.3d 1153 (9th Cir. 2018) ........................................................... 28

*United States v. Faulls,*
  821 F.3d 502 (4th Cir. 2016) ............................................................ 13

*United States v. Gardner,*
  823 F.3d 793 (4th Cir. 2016) ....................................................... 25-26

*United States v. Gattis,*
  877 F.3d 150 (4th Cir. 2017) .......................................... 6, 22, 23, 24, 25

*United States v. Henry,*
  2007 WL 2458555 (E.D. Pa. Aug. 24, 2007) ..................................... 16

*United States v. Mack,*
  855 F.3d 581 (4th Cir. 2017) ............................................................ 21

*United States v. Montiel-Cortes,*
  849 F.3d 221 (5th Cir. 2017) ....................................................... 24, 25

*United States v. O'Connor,*
  874 F.3d 1147 (10th Cir. 2017) ................................................. *passim*

*United States v. Peterson,*
  629 F.3d 432 (4th Cir. 2011) ....................................................... 21, 22

*United States v. Peterson,*
  902 F.3d 1016 (9th Cir. 2018) ........................................................... 25

*United States v. Potter,*
  2009 WL 320605 (E.D. Pa. Feb. 6, 2009) ......................................... 16

*United States v. Rodriguez,*
  770 Fed. Appx. 18 (3d Cir. 2019) ............................................... *passim*

*United States v. Royal,*
  731 F.3d 333 (4th Cir. 2013) ................................................. 10, 12, 15

*United States v. Torres-Miguel*,
701 F.3d 165 (4th Cir. 2012) ............................................................ 10-11, 11, 17

## Statutes

18 U.S.C. § 841 ............................................................................................... 10

18 U.S.C. § 924 ................................................................................................. 1

18 U.S.C. § 1951 ..................................................................................... *passim*

18 U.S.C. § 3231 ............................................................................................... 1

26 U.S.C. § 5845 ............................................................................................. 10

28 U.S.C. § 1291 ............................................................................................... 1

Nev. Rev. Stat. Ann. § 200.380 .................................................................. 24, 25

## Other

3 Wayne R. LaFave, *Substantive Criminal Law*
§ 20.3 (2d ed. 2003) ................................................................................... 22

*Black's Law Dictionary*
(10th ed. 2014) ................................................................................... 8, 29

Fed. R. Crim. P. 11 ........................................................................................... 2

Sand and Siffert, 3-50 Modern Federal Jury Instructions - Criminal
(2016) ................................................................................................ 15, 16

U.S.S.G. § 2B3.1 ............................................................................................... 4

U.S.S.G. § 2C1.1 ...................................................................................... 7, 27-28

U.S.S.G. § 2J1.2 .......................................................................................... 7, 28

U.S.S.G. § 2J1.3 .......................................................................................... 7, 28

U.S.S.G. § 4B1.1 ........................................................................................... 4, 9

U.S.S.G. § 4B1.2 .................................................................................... *passim*

U.S.S.G. § 5K2.1 .......................................................................................... 7, 28

U.S.S.G. § 5K2.2 .......................................................................................... 7, 27

U.S.S.G. § 3E1.1 ............................................................................................... 4

## PRELIMINARY STATEMENT

In this opening brief, Appellant, Richard Green, is "Mr. Green," and

Appellee, the United States, is "the Government."

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

Appellant, Richard Green, was convicted following a guilty plea in the United

States District Court for the District of Maryland of one count of Hobbs Act Robbery

in violation of 18 U.S.C. § 1951. The district court had jurisdiction pursuant to 18

U.S.C. § 3231, and this Court has jurisdiction on appeal pursuant to 28 U.S.C. § 1291,

following entry of the district court's final judgment on July 10, 2019 and a timely

appeal.

## STATEMENT OF THE ISSUE PRESENTED FOR REVIEW

1.    Whether the district court properly sentenced appellant as a career offender
when his offense of conviction, Hobbs Act Robbery, categorically fails to qualify as
a crime of violence under §4B1.2 of the United States Sentencing Guidelines?

## STATEMENT OF THE CASE

### *Procedural History*

On September 7, 2016, the Government filed an indictment charging Mr. Green

with one count of Hobbs Act Robbery in violation of 18 U.S.C. §1951 and one count

of discharging a firearm in relation to a crime of violence in violation of 18 U.S.C. §

924(c). (Joint Appendix 16-18; hereinafter, "J.A.").

1

On June 21, 2018, the Government filed as Superseding Indictment adding the charge of Conspiracy to Commit Hobbs Act Robbery, which was later dismissed as a result of Mr. Green's guilty plea to the original indictment. (J.A. 19-21).

On July 17, 2018, Mr. Green agreed to plead guilty to Count 1, Hobbs Act Robbery, pursuant to an agreement with the Government. (J.A. 29; 57-65).  Mr. Green's plea agreement was made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the parties agreed that a sentence of no less than 120 months of imprisonment would be an appropriate disposition. (J.A. 62).  Although the plea agreement includes a waiver of the right to appeal his conviction, it permits Mr. Green to challenge the sentence. (J.A. 63).

Leading up to the sentencing hearing, each side submitted sentencing memoranda where they made opposing arguments as to whether Mr. Green should be classified as a career offender.  Mr. Green argued that Hobbs Act robbery does not qualify as a "crime of violence" under the Guidelines to trigger a career offender enhancement. (J.A. 79-80, 97, 137).  The Government addressed this argument in a footnote in its sentencing memorandum, which urged the district court to "decline any invitation to find Hobbs Act Robbery is not a "crime of violence" under the career offender provisions." (J.A.  97, 148, ).

At sentencing on July 10, 2019, the district court found that Hobbs Act robbery is a "crime of violence" under the career offender guidelines. (J.A. 98).   However,

the court qualified this holding stating, "I understand it is an issue that has not been fully decided yet, so that could affect – we could relook at this again if a higher court were to determine that a Hobbs Act robbery is not a predicate offense, but I found that in the past; I'll find it again here. (J.A. 98). The district court sentenced Mr. Green as a career offender to 144 months of imprisonment. (J.A. 116). The district court entered judgment July 10, 2019. (J.A. 125-130). On October 29, 2019 the district court granted Mr. Green an extension of time to file an appeal, which, pursuant to that extension, was timely noted on August 23, 2019. (J.A.131-133).

## *Offense Conduct*

Pursuant to his guilty plea, Mr. Green agreed that on July 15, 2015, he entered a Royal Farms convenience store located in Baltimore, Maryland, where he announced a robbery, brandished what appeared to be a handgun, and demanded money from a store cashier. (J.A. 60-61). Fearing for her safety, the cashier complied with Mr. Green's demand and gave him money from the store's cash register. Mr. Green then fled the store in what witnesses described as a white van that was captured on the store's video surveillance system. (J.A. 60-61).

The Government alleged that in the course of fleeing the robbery, Mr. Green "fired his handgun at V1 and V2," two individuals who were standing outside of the Royal Farms store when the robbery occurred. (J.A. 60-61). This fact was disputed by Mr. Green. At sentencing, the district court found that Mr. Green discharged the

3

firearm but did so as a "warning shot" and did not fire the weapon "at V1 and V2" as alleged by the Government to support an upward adjustment for attempted murder under the Guidelines. (J.A. 95-97).

### *Sentencing*

On July 10, 2019, Mr. Green was sentenced in the district court. Initially, he was deemed to have a criminal history category of IV and an adjusted offense level of 24, with an advisory guidelines range of 77-96 months of imprisonment . (J.A. 79).[1] However, the U.S. Probation Office designated Mr. Green as a career offender based upon the offense of conviction for Hobbs Act Robbery and two prior Maryland state convictions for Armed Robbery in 2005. (J.A. 168). Upon application of the career offender guideline, the resulting guidelines range rose to a level of 151 – 188 months of imprisonment. (J.A. 181).

The district court adopted the recommendations made in the pre-sentence report and designated Mr. Green a career offender pursuant to United States Sentencing Guidelines (U.S.S.G.) §4B1.1. (J.A. 184). However, the district court concluded that Mr. Green's criminal history was somewhat overrepresented by the career offender guideline and that a sentence slightly below range of sentence called for by the career

---

[1] Base offense level of 20 (U.S.S.G. §2B3.1 - Robbery), increased by 7 (U.S.S.G. §2B3.1(b)(2)(A) – discharging firearm), minus 3 levels (U.S.S.G. §§3E1.1(a) & 3E1.1(b) – Acceptance of Responsibility), for total adjusted offense level of 24.

offender guideline was appropriate. The district court imposed a sentence of 144 months of imprisonment followed by three years of supervised release. (J.A. 126).

## SUMMARY OF THE ARGUMENT

Hobbs Act robbery (18 U.S.C. §1951) does not qualify as a "crime of violence" under the career offender provisions of the United States Sentencing Guidelines (U.S.S.G.). The categorical approach is generally used to determine whether an offense qualifies as a "crime of violence" under either the force clause or the enumerated offenses clause of the career offender guideline. *Descamps v. United States*, 570 U.S. 254, 260 (2013).

Applying the categorical approach, courts must compare the scope of conduct covered by the statutory elements of an offense with U.S.S.G. §4B1.2(a)'s definition of a "crime of violence" to determine whether the statute "sweeps more broadly" than the guideline's definition. *Descamps*, 133 S.Ct. at 2283. If some conduct criminalized by the statute would not satisfy the "crime of violence" definition, then any "conviction under that law cannot count as a ["crime of violence"] predicate." *Id.*

The Hobbs Act defines "robbery" as:

The unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, *to his person or property*, or property in his custody or possession, or the person or property relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. §1951(b)(1)(emphasis added).  Thus, one can commit Hobbs Act robbery through actual or threatened force to another's person *or property*.  By contrast, section 4B1.2(a)(1)'s force clause does not include force against property; it is limited to force against the person.  This distinction means that the Hobbs Act robbery statute criminalizes more conduct than the force clause and therefore cannot qualify as a "crime of violence" under the guidelines.

Likewise, Hobbs Act robbery also fails to qualify as a "crime of violence" pursuant to §4B1.2(a)(2)'s enumerated offenses clause as either robbery or extortion. To make this determination, a comparison must be made between the generic definition of the enumerated offense against the offense of conviction's statutory definition.  This Court has defined "generic robbery" as "…the misappropriation of property under circumstances involving [immediate] danger to the person." *United States v. Gattis*, 877 F.3d 150, 156 (4th Cir. 2017).

Comparing the generic robbery definition to the Hobbs Act robbery definition, it is apparent that there is a mismatch between the two.  Generic robbery requires at least two elements (1) an *immediate* threat of injury (2) directed at a *person*, which are not required by Hobbs Act robbery.  Hobbs Act robbery, as the statute clearly states, can be committed by a threat of *future* harm to the person or *property*. Therefore, the elements of Hobbs Act robbery and generic robbery do not match, and

Hobbs Act robbery does not qualify as a "robbery" under the Guidelines' enumerated offenses clause.

Finally, Hobbs Act robbery does not qualify as "extortion" under the Guidelines' enumerated offenses clause. Hobbs Act robbery is not extortion under subsection (A) because the plain language of the Hobbs Act robbery statute provides that the offense can be committed by "*threatened* force" against property. 18 U.S.C. § 1951(b)(1) (emphasis added). But subsection (A) of the extortion definition requires actual force. U.S.S.G. The words "*threatened* force" do not appear anywhere in the subsection. Indeed, the Sentencing Commission knew how to write a definition that covered *threatened* force, as it did in the force clause of § 4B1.2(a)(1), which covers offenses with an element of "*threatened use of physical force*" against a person. U.S.S.G. § 4B1.2(a)(1) (emphasis added). Because the Sentencing Commission did not do the same in the § 4B1.2(a)(2) extortion definition, an offense qualifies as extortion only if it requires actual force. Hobbs Act robbery does not; therefore, it is not extortion under subsection (A).

Hobbs Act robbery is not extortion under subsections (B) and (C), which require fear or threat of "physical injury." U.S.S.G. § 4B1.2 n.1. The Guidelines contain several examples where "physical injury" is distinguished from property damage or where the phrase clearly refers to injury to a person. See *e.g.* U.S.S.G. § 5K2.2; §2C1.1(c)(3); §2J1.2(b)(1)(B); §2J1.3(b)(1); §5K2.12.

Black's Law Dictionary lends further support, defining "physical injury" as "bodily injury" as "bodily injury," which in turn is defined as "physical damage to a person's body." (Black's Law Dictionary (10th ed. 2014).  The most natural reading of the text of the Guidelines extortion definition's reference to "physical injury" is that it requires actual or threatened force against the person – not property. Additionally, the U.S. Sentencing Commission's goal of focusing the career offender enhancements on the most dangerous subset of extortioners, as stated in Amendment 798, further suggests that Guidelines extortion does not include threats to property. Finally, while Mr. Green asserts that there is no ambiguity here, the rule of lenity would preclude a finding that Hobbs Act robbery is guidelines' extortion.

Four other Circuits have reached the same conclusion on this issue. See *United States v. O'Connor*, 874 F.3d 1147 (10th Cir. 2017); *United States v. Camp*, 903 F.3d 594 (6th Cir. 2018); *United States v. Rodriguez*, 770 Fed. Appx. 18 (3rd Cir. 2019); *United States v. Eason*, 953 F.3d 1184 (11th Cir. 2020). For all of these reasons, as further detailed in this brief, Hobbs Act robbery categorically fails to qualify as a "crime of violence" under the Guidelines' force or enumerated offense clauses. Therefore, Mr. Green is not a career offender and his sentence must be vacated.

## STANDARD OF REVIEW

A trial court's legal conclusions are reviewed *de novo*. *United States v. Allen*, 446 F.3d 522 (4th Cir. 2006).  Whether a conviction qualifies as a "crime of violence"

for purposes of a sentencing enhancement is reviewed *de novo*. See *United States v. Aparicio-Soria*, 740 F.3d 152, 154 (4th Cir. 2014).

## ARGUMENT

## I.   THE CATEGORICAL APPROACH IS USED TO DETERMINE WHETHER AN OFFENSE QUALIFIES AS A "CRIME OF VIOLENCE" UNDER THE CAREER OFFENDER GUIDELINES.

### A.  The Categorical vs. Modified Categorical Approach.

Section 4B1.1(a) of the United States Sentencing Guidelines (hereinafter, "U.S.S.G.") provides that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." UNITED STATES SENTENCING GUIDELINES, §4B1.1(a), 2018-2019 ED.

There is no dispute that Mr. Green was at least 18 years old when he committed the instant offense.  While Mr. Green challenged whether he had at least two prior qualifying convictions in the district court, he does not do so here.  Therefore, the singular issue in this appeal is whether Mr. Green's offense of conviction, Hobbs Act Robbery, meets the Guideline's definition of a "crime of violence" in order for him to qualify as a career offender.

A conviction can be a "crime of violence" under the career offender guideline in one of two ways:  it can qualify under the so-called "force clause" of U.S.S.G. §4B1.2(1)(a), or it can qualify as one of any of the listed enumerated offenses contained in U.S.S.G. §4B1.2(1)(b).  Under the "force clause" an offense qualifies as a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force against the person of another."   Under the enumerated offenses clause, an offense may qualify as a "crime of violence" if it is "murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. §5845(a) or explosive material as defined in 18 U.S.C. §841(c)."

Courts generally use the categorical approach to determine whether an offense qualifies as a "crime of violence" under either the force clause or the enumerated offenses clause. *Descamps v. United States*, 570 U.S. 254, 260 (2013); *United States v. Royal*, 731 F.3d 333 (4th Cir. 2013); see also *United States v. Carthorne*, 726 F.3d 503 (4th Cir. 2013)(applying categorical approach to §4B1.2 "crime of violence" definition).

Under the categorical approach, a prior offense is a "controlled substance offense" or "crime of violence" only if *all* of the criminal conduct covered by the statute, "including the most innocent conduct," matches the "controlled substance offense" or "crime of violence" definition. *Torres-Miguel*, 701 F.3d 165, 167 (4th Cir.

2012).  If the most innocent conduct penalized by a statute does not constitute a "controlled substance offense" or "crime of violence," then that statute categorically fails to qualify as a career offender predicate.  In other words, if the "full range of conduct" criminalized by a statute does not fall within the "controlled substance offense" or "crime of violence" definition, then there is a "mismatch in elements" that disqualifies the statute as a career offender predicate. *Torres-Miguel*, 701 F.3d at 171; *accord Descamps*, 570 U.S. at 276, 133 S. Ct. 2292.

For the limited purpose of "help[ing] to implement the categorical approach," in a "narrow range of cases," a federal sentencing court may look beyond the legal definition of the offense to a small list of judicial documents (known as *Shepard*-authorized documents) to determine whether the defendant was convicted of a "controlled substance offense" or "crime of violence." *Descamps*, 570 U.S. at 262-64, 133 S.Ct. at 2283-85; *see also Mathis v. United States*, --U.S.--, 136 S.Ct. 2243, 2253-54 (2016); *Taylor v. United States*, 495 U.S. 575, 602 (1990) (noting that this approach may be used only to determine whether "a jury necessarily had to find" each element of a qualifying offense).[2]  This approach, known as the modified categorical approach, is also driven by the elements.

---

[2] These documents include the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, a judge's factual findings in a bench trial, and jury instructions in a jury trial. *Shepard v. United States*, 544 U.S. 13, 20, 26 (2005).

*In Descamps*, the Supreme Court clarified that federal sentencing courts "may apply the modified categorical approach only if the state crime at issue is divisible." *Omargharib v. Holder*, 775 F.3d 192, 198 (4th Cir. 2014) (citing *Descamps*, 570 U.S. at 262). An offense is divisible if it has alternative elements – some which constitute a "controlled substance offnse" or "crime of violence," and some which do not. *Omargharib*, 775 F.3d at 197-98 (citing *Descamps*, 570 U.S. at 262). If a statute is divisible, a federal sentencing court may look at the limited number of authorized documents only "to determine which of a statute's alternative elements formed the bases of the defendant's prior conviction." *Descamps*, 570 U.S. at 262, 133 S.Ct. at 2284; *see also Mathis*, 136 S.Ct. 2243, 2253-54 ("[T]he modified [categorical] approach serves – and serves solely – as a tool to identify the elements of the crime of conviction when a statute's disjunctive phrasing renders on (or more) of them opaque.").

To be clear, merely because an offense is defined by multiple disjunctive phrases separated by the word "or" "does not automatically render the crime divisible." *Omargharib*, 775 F.3d at 198 (citing *Royal*, 731 F.3d at 341-42); *see also Rendon v. Holder*, 764 F.3d 1077, 1086-87 (9th Cir. 2014) (reasoning that when a state criminal law "is written in the disjunctive . . . , that fact alone cannot end the divisibility inquiry"). Rather, "a crime is divisible under *Descamps* only if it is defined to include multiple alternative *elements* (thus creating multiple versions of a crime),

as opposed to multiple alternative *means* (of committing the same crime). Elements, as distinguished from means, are factual circumstances of the offense the jury must find unanimously and beyond a reasonable doubt." *Omargharib*, 775 F.3d at 198-99 (internal quotation marks and citations omitted). Only when a statute is divisible with alternative elements – not alternative means – does the modified categorical approach apply.

Finally, it is important to note that even if a statute is divisible with alternative elements, the modified categorical rule does not apply if none of those alternative elements match the "controlled substance offense" or "crime of violence" definition. Rather, the modified categorical approach applies only when a statute has one set of elements that matches the "controlled substance offense" or "crime of violence" definition, and one set of elements that does not. If none of the alternative versions of the crime matches the "controlled substance offense" or "crime of violence" definition, then the offense categorically fails to constitute a "controlled substance offense" or "crime of violence." *See United States v. Faulls*, 821 F.3d 502, 514 (4th Cir. 2016) ("[G]eneral divisibility . . . [i]s not enough [to trigger the modified categorical approach]: Only if at least one of the categories into which the statute may be divided constitutes, *by its elements*, the generic federal offense is the statute divisible for purposes of applying the modified categorical approach." (internal quotation marks and alterations omitted)).

**B.    Hobbs Act robbery is an indivisible offense and the categorical approach must be used to determine whether the offense qualifies as a "crime of violence" under the career offender guideline.**

The categorical approach must be used to decide whether the offense of Hobbs Act robbery qualifies as a "crime of violence" under the career offender guideline. While the Hobbs Act is generally divisible between "extortion" and "robbery," *see* 18 U.S.C. §1951(a), the crime of Hobbs Act robbery – the crime to which Mr. Green pled guilty – is indivisible.

Hobbs Act Robbery is defined as follows:

> The term "robbery" means the unlawful taking or unlawful taking or obtaining of personal property from the person in the presence of another, against his will, *by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property,* or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1) (emphasis added).

Although Hobbs Act robbery is defined with multiple phrases – "by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property" – these disjunctive terms are merely means, not alternative elements which a unanimous jury must select. Jurors are never asked to specify which one of these phrases served as the basis for the conviction. Specifically, jurors are not asked to determine whether the defendant took the property in question 1) by means of actual or threatened force, or 2) by means of fear of injury. Further, unanimity is

not required on the question of whether fear or injury was future or immediate to person or property – indeed, these questions are never asked and never answered. Rather, all of these terms go the jury in one clump, and "it is enough that each juror agree only that one of [these means] occurred, without settling on which." *Royal*, 731 F.3d at 341.

The Modern Federal Jury Instructions make this plain. These instructions set forth the following elements for Hobbs Act robbery:

> First, that the defendant knowingly obtained or took the personal property of another, or from the presence of another;
>
> Second, that the defendant took this property against the victim's will, *by actual or threatened force, violence, or fear of injury, whether immediately or in the future*; and
>
> Third, that as a result of the defendant's actions, interstate commerce, or an item moving in interstate commerce, was delayed, obstructed, or affected in any way or degree.

Sand and Siffert, 3-50 Modern Federal Jury Instructions - Criminal 50-3 (2016) (emphasis added).

> The second element the government must prove beyond a reasonable doubt is that a defendant unlawfully took this property against the victim's will, *by actual or threatened force, violence, or fear of injury, whether immediately or in the future.*
>
> In considering whether the defendant used, or threatened to use force, violence or fear, you should give those words their common and ordinary meaning, and understand them as you normally would. *The violence does not have to be directed at the person whose property was taken. The use or threat of force or violence might be aimed at a third person, or at causing economic rather than physical injury.* A threat may be made verbally or by a physical gesture. Whether a statement or physical

gesture by the defendant actually was a threat depends upon the surrounding facts.

3-50 Modern Federal Jury Instructions - Criminal 50-5 (emphasis added).

Critically, these instructions confirm that unanimity is not required regarding whether the defendant "robb[ed]" by means of actual or threatened force or violence or by means of fear of injury to person or property. *Id.* The jury does not have to unanimously decide one of these phrases to the exclusion of another. Therefore, these different ways of committing Hobbs Act robbery are alternative means of a single element.

Individual cases, too, show that courts instruct juries in a way that does not require jurors to agree on whether a Hobbs Act robbery offense was committed by force or violence versus fear of injury to person or property. In a sample case, jurors were simply asked whether the defendant took "property against the victim's will, by actual or threatened force, violence, or fear or injury, whether immediately or in the future." *United States v. Henry*, 2007 WL 2458555, at *8 (E.D. Pa. Aug. 24, 2007) (finding no error in this instruction); *see also United States v. Potter,* 2009 WL 320605, at *4 (E.D. Pa. Feb. 6, 2009) (affirming similar instruction).

Therefore, Hobbs Act robbery is not divisible. To be sure, Hobbs Act robbery can be committed in different ways. But jurors in Hobbs Act cases are not required to agree on the *means* by which a robbery was carried out. Thus, Hobbs Act robbery does not contain alternative elements within the meaning of *Descamps*. As a result,

the categorical approach – not the modified categorical approach – applies in determining whether Hobbs Act robbery qualifies as a career offender "crime of violence."

Under the categorical approach, this Court must assess the "most innocent conduct" encompassed in the elements of the single indivisible offense of Hobbs Act robbery. *Torres-Miguel*, 701 F.3d at 167. If this conduct does not fall within the "crime of violence" definition, then Hobbs Act robbery categorically fails to qualify as a "crime of violence." In other words, if the full range of conduct encompassed in the elements fails to match the "crime of violence" definition, the offense can never qualify as a "crime of violence." As further detailed below, Hobbs Act robbery can be committed without satisfying the force clause or the enumerated offenses clause (either as a generic robbery or Guidelines extortion). Therefore, Hobbs Act robbery categorically fails to qualify as a career offender "crime of violence."

## II. HOBBS ACT ROBBERY CATEGORICALLY FAILS TO QUALIFY AS A "CRIME OF VIOLENCE" UNDER EITHER THE FORCE CLAUSE OR THE ENUMERATED OFFENSES CLAUSE OF U.S.S.G. §4B1.2(a).

Because Hobbs Act robbery fails to qualify as a "crime of violence" under U.S.S.G. §4B1.2(a)'s enumerated or force clauses, it is not a "crime of violence" under the Guidelines and Mr. Green is not a career offender in this case.

### A. Hobbs Act robbery does not qualify as a "crime of violence" under U.S.S.G. 4B1.2(a)(1)'s "force clause."

Pursuant to U.S.S.G. § 4B1.2(a)(2)'s "force clause," an offense may qualify as "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force *against the person* of another." U.S.S.G. §4B1.2(a)(2)(emphasis added)[3].  Hobbs Act robbery can be accomplished by the use of actual or threatened force against a person *or property*. See 18 U.S.C. 1951(b)(1).  Therefore, Hobbs Act robbery is automatically excluded as a "crime of violence" under the "force clause" and cannot be used to qualify Mr. Green as a career offender.

<u>Analysis Under the Force Clause</u>

Applying the categorical approach, a determination of whether an offense qualifies as a "crime of violence" under the "force clause" requires a comparison of the scope of the conduct covered by the statutory elements of the crime – here, Hobbs Act robbery – with §4B1.2(a)'s definition of "crime of violence."  As the Supreme Court said in *Descamps*, "if the statute sweeps more broadly" than §4B1.2(a)'s definition – that is, if some conduct would not satisfy the "crime of violence" definition – then any "conviction under that law cannot count as a ['crime of violence'] predicate." *Descamps*, 133 S.Ct. at 2283.

The Hobbs Act defines "robbery" as:

---

[3]    In *Johnson v. United States*, 559 U.S. 133, 140 (2010) the Supreme Court held that the phrase "physical force" does not mean *de minimus* force.  Rather, it means "violent force," *i.e.*, "strong physical force" that is "capable of causing physical pain or injury to another person."

> The unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, *to his person or property*, or property in his custody or possession, or the person or property relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. §1951(b)(1)(emphasis added). Thus, one can commit Hobbs Act robbery through actual or threatened force to another's person *or property*. By contrast, section 4B1.2(a)(1)'s force clause does not include force against property; it is limited to force against the person. This distinction is important because it means that the statute criminalizes more conduct than the force clause and, in that scenario, the offense cannot qualify as a "crime of violence" under the guidelines.

The Tenth Circuit, in *United States v. O'Connor*, 874 F.3d 1147 (10th Cir. 2017), recently considered this issue and reached exactly the same conclusion. Like Mr. Green, O'Connor had been convicted of Hobbs Act Robbery and sentenced as a career offender. On appeal, O'Connor challenged application of the career offender guidelines on the ground that Hobbs Act robbery categorically fails to qualify as a "crime of violence" under the "force clause" or "enumerated offenses clause." The Tenth Circuit agreed with O'Connor and vacated his sentence.

The Court first determined that the categorical approach must be used to determine whether Hobbs Act robbery qualifies as a "crime of violence," under the Guidelines. *O'Connor*, 874 F.3d at 1151. Applying the categorical approach, the Tenth Circuit zeroed in on the fact that the Hobbs Act robbery statute criminalizes

conduct that includes force against the person *or property* while §4B1.2(a)'s "force clause" is limited to actual or threatened force against *the person*. *Id.* at 1154. The court observed that "Hobbs Act robbery reaches conduct directed at "property" because the statute says so," and "[b]ecause Hobbs Act robbery criminalizes conduct involving threats to property, it does not qualify as a crime of violence under the Guidelines' force clause." *Id.* at 1154, 1158).

The Sixth Circuit, citing the Tenth Circuit's decision in *O'Connor*, followed suit in *United States v. Camp*, 903 F.3d 594 (6th Cir. 2018) and made the same finding. The Sixth Circuit explained that "[a]n offense is a crime of violence under [the force] clause if it has as an element the 'use, attempted use, or threatened use of physical force against the *person* of another,'" (quoting U.S.S.G. §4B1.2(a)(1)(emphasis added in original). But, by contrast, "[t]he plain text of the Hobbs Act criminalizes robbery accomplished by using or threatening force against 'person *or property*.'" *Id.* (quoting 18 U.S.C. §1951(b)(1)(emphasis added in original). Therefore, the Court held, "Hobbs Act robbery is not a crime of violence under the Guidelines' use-of-force clause." *Id.* The Third Circuit found the same in *United States v. Rodriguez*, 770 Fed. Appx. 18 (3rd Cir. May 1, 2019) after the government conceded that "Hobbs Act robbery sweeps more broadly than Guidelines robbery." *Id.* 770 Fed. Appx. at 21.

In a very recent decision, *United States v. Eason*, 953 F.3d 1184 (11th Cir. 2020), the Eleventh Circuit adopted the reasoning of *O'Connor* and *Camp*, and held

that Hobbs Act robbery is not a "crime of violence" under the §4B1.2(a)(1). *Id.* at 1188-89. ("We agree with the defendants and our sister circuits" that "because [Hobbs Act robbery] can be committed by a threat to person *or* property, the statute is too broad to qualify as a crime of violence under the elements [(force)] clause or as an enumerated robbery or extortion offense.").

Accordingly, Hobbs Act robbery categorically fails as a "crime of violence" under §4B1.2(a)'s force clause, because it can be accomplished by threat of force against the *property* of another, not just the person of another as required by the text of the Guideline.

**B.  Hobbs Act robbery is not a "crime of violence" under § 4B1.2's "enumerated offenses clause."**

Hobbs Act robbery is not a "crime of violence" under § 4B1.2(a)(2)'s "enumerated offenses clause" because, applying the categorical approach, the offense does not match the generic definition of either of the two possible enumerated offenses – robbery or extortion.

**1.  Hobbs Act robbery does not meet the generic definition of robbery.**

To determine whether an offense qualifies as a "crime of violence" pursuant to § 4B1.2(a)(2)'s enumerated offenses clause, a two-step categorical approach is used. *United States v. Mack*, 855 F.3d 581, 585 (4th Cir. 2017)(citing *United States v. Peterson*, 629 F.3d 432, 435 (4th Cir. 2011).  The first step is to "establish the 'generic' definition of the Guidelines-enumerated offense, either from prior cases or, where

21

courts have not interpreted the enumerated offense, by "distill[ing] a 'generic' definition of the predicate offense based on how the offense is defined 'in the criminal codes of most states.'" *Id.* at 436 (quoting *Taylor v. United States,* 495 U.S. 575, 598, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). The next step is to decide whether the offense of conviction "is a "categorical match" to the generic offense—that is, whether the [offense of conviction] necessarily satisfie[s] the elements of the generic offense. *Id.* If not, the conviction will fail to qualify under the Guidelines' enumerated offenses clause. Each enumerated offense in the Guidelines must have a fixed "uniform definition" that applies uniformly to all federal defendants, "independent of the labels employed by the various States' criminal codes." *United States v. Gattis*, 877 F.3d 150, 156 (4th Cir. 2017)(quoting *Taylor*, 495 U.S. at 592).

Pursuant to this formula, the analysis starts with defining Hobbs Act robbery and generic robbery and comparing the two to determine if the minimum conduct necessary to constitute the former matches the latter.

Looking at what most states do, this Court recently defined "generic robbery" as "…the misappropriation of property under circumstances involving [immediate] danger to the person.'" *Gattis*, 877 F.3d at 156 (quoting 3 Wayne R. LaFave, *Substantive Criminal Law* § 20.3(d)(2), at 173 (2d ed. 2003) (hereafter "LaFave")).

Hobbs Act robbery, by comparison, is defined as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against

his will, by means of actual or threatened force, or violence, or fear of injury, immediate *or future*, to his person *or property*, or property in his custody or possession, or the person or property relative or member of his family or of anyone in his company at the time of the taking or obtaining.  So, generic robbery requires at least two elements: (1) an *immediate* threat of injury (2) directed at a *person* not required by Hobbs Act robbery.  Hobbs Act robbery, as the statute clearly states, can be committed by a threat of *future* harm to the person *or property*.  Therefore, by way of direct comparison, the elements of Hobbs Act robbery and generic robbery do not match and Hobbs Act robbery does not qualify as a "robbery" under the Guidelines' enumerated offenses clause.

The Third, Sixth, Ninth, Tenth, and Eleventh Circuits have all reached the same conclusion.  For example, in *United States v. O'Connor*, 874 F.3d 1147 (10th Cir. 2017), cited earlier in this brief, the Tenth Circuit held that "[b]ecause Hobbs Act robbery encompasses threats to property and generic robbery excludes threats that are limited to property, the minimum conduct necessary to constitute Hobbs Act robbery does not categorically fall within generic robbery." *Id.* at 1155.  Notably, the Tenth Circuit adopted the same generic definition of robbery as the Fourth Circuit in *Gattis*, *i.e.*, "misappropriation of property under circumstances involving danger to the person." *O'Connor*, 874 F.3d at 1155.

The Third, Sixth, and Eleventh Circuits agree that Hobbs Act robbery is not generic robbery because it encompasses threats to property. *See Camp*, 903 F.3d at 602) ("We agree with the Tenth Circuit that Hobbs Act robbery reaches conduct that falls outside of generic robbery. At a minimum, the lack of an immediacy requirement renders the statute broader than generic robbery, see *Montiel-Cortex*, 849 F.3d [221,] at 228 [(5th Cir. 2017], and the Government concedes as much. We also find persuasive the Ninth and Tenth Circuits' conclusion that threats to property alone – whether immediate or future – do not necessarily create a danger to the *person*."); *Rodriguez,* 770 Fed. Appx. at 21 (The government conceded and the Court agreed that "Guidelines robbery, unlike Hobbs Act robbery, requires force or threat to persons – not property."); *United States v. Eason*, 953 F.3d 1184, 1193 (11th Cir. 2020)(citing *O'Connor* and *Camp*, supra, "Both circuits that have addressed this issue – the Sixth and Tenth – have held that Hobbs Act robbery does not satisfy either enumerated offenses or some combination of both offenses. We agree with them.").

Additionally, in *United States v. Edling,* 891 F.3d 1190, the Ninth Circuit, consistent with *Gattis*, *O'Connor*, *Camp*, and *Rodriguez*, recently held that generic robbery requires a threat of injury to a *person*. On that basis, the Court held that the Nevada robbery statute (Nev. Rev. Stat. Ann. § 200.380) – which is identical to the Hobbs Act robbery statute (18 U.S.C. § 1951(b)(1)) – is not a generic robbery because it can be violated by a threat of injury to person or *property*. *Id.* Likewise, Hobbs Act

robbery fails to qualify as a generic robbery because it can also be violated by a threat of injury to *property*. For the same reason, the Ninth Circuit has held that other state robbery statutes also do not qualify as generic robberies. *See Bankston*, 901 F.3d at 1104 (holding that California robbery is not a categorical match to generic robbery because California robbery can be committed by threats to *property*); *Peterson*, 902 F.3d at 1022 (holding that Washington first-degree robbery is not a categorical match to generic robbery because Washington robbery encompasses threats to *property*).

Furthermore, in *Montiel-Cortes*, 849 F.3d 221, 228 (5th Cir. 2017), the Fifth Circuit, consistent with *Gattis* and *O'Connor*, held that a generic robbery requires a threat of "*immediate* injury." On that basis alone, the Court held that the same Nevada robbery statute discussed above (Nev. Rev. Stat. Ann. § 200.380) is not a generic robbery because it can be violated by a threat of *future* injury to person or property. *Id.* Likewise, Hobbs Act robbery (18 U.S.C. § 1951(b)(1)), which is identical to the Nevada robbery statute, fails to qualify as a generic robbery because it can also be violated by a threat of *future* injury.[4]

---

[4]    In *Montiel-Cortes,* 849 F.3d at 228-29, the Fifth Circuit did find that the Nevada robbery constituted generic extortion; however, that part of the decision is no longer relevant because under the new § 4B1.2 guideline that applies here, the Commission has now defined extortion in the § 4B1.2 commentary; therefore, the generic definition no longer controls. *See* U.S.S.G. § 4B1.2 n.1. And as further explained below, this new definition of extortion excludes threats against property.

In any event, even if the generic definition of extortion still applied here, Hobbs Act robbery would still fail to qualify as a generic extortion. *See United States v. Gardner*, 823 F.3d 793, 802 n.5 (4th Cir. 2016) ("[T]he generic crime of extortion is

For all of these reasons, this Court should find that Hobbs Act robbery is not generic robbery and, therefore, does not qualify as a "crime of violence" as an enumerated "robbery" offense pursuant to U.S.S.G. §4B1.2(a)(2).

### 2. Hobbs Act robbery is not extortion as defined under U.S.S.G. § 4B1.2 because it can be committed by threatening property.

Finally, Hobbs Act robbery does not qualify as "extortion" under the enumerated offenses clause of the Guidelines. Extortion is now defined in the commentary to the guideline as "obtaining something of value from another by the wrongful use of (A) force, (B) fear of physical injury, or (C) threat of physical injury." U.S.S.G. § 4B1.2 n.1; U.S.S.G. Supp. to App. C, Amend. 798 at 131 (2016). Hobbs Act robbery is not "extortion" under any of these subsections. *See Camp*, 903 F.3d at 604; *O'Connor*, 874 F.3d at 1158; *Rodriguez*, 770 Fed. Appx. at 21-22; *Eason*, 953 F.3d at 1194.

To begin, Hobbs Act robbery is not extortion under subsection (A) because the plain language of the Hobbs Act robbery statute provides that the offense can be

---

defined as 'obtaining something of value from another *with his consent* induced by the wrongful use of force, fear, or threats.' The element of consent 'is the razor's edge that distinguishes extortion from robbery.'" (internal citations omitted)); *see also Ocasio v. United States*, 136 S. Ct. 1423, 1435 (2016) ("As used in the Hobbs Act, the phrase 'with his consent' is designed to distinguish extortion ('obtaining of property from another, *with his consent*,' 18 U.S.C. § 1951(b)(2) (emphasis added)) from robbery ('obtaining of personal property from the person or in the presence of another, *against his will*," § 1951(b)(1) (emphasis added)).""). Therefore, Hobbs Act robbery is not generic extortion.

committed by "*threatened* force" against property. 18 U.S.C. § 1951(b)(1) (emphasis added). But subsection (A) of the extortion definition requires actual force. U.S.S.G. § 4B1.2 n.1. The words "*threatened* force" do not appear anywhere in the subsection. Indeed, the Sentencing Commission knew how to write a definition that covered *threatened* force, as it did in the force clause of § 4B1.2(a)(1), which covers offenses with an element of "*threatened use of physical force*" against a person. U.S.S.G. § 4B1.2(a)(1) (emphasis added). Because the Sentencing Commission did not do the same in the § 4B1.2(a)(2) extortion definition, an offense qualifies as extortion only if it requires actual force. Hobbs Act robbery does not; therefore, it is not extortion under subsection (A).

Likewise, Hobbs Act robbery is not extortion under subsections (B) and (C), which require fear or threat of "physical injury." U.S.S.G. § 4B1.2 n.1. As the Third, Sixth, and Tenth Circuits explained, for several reasons, "physical injury" "can reasonably be understood to exclude threats to property." *O'Connor,* 874 F.3d at 1157; *Camp,* 903 F.3d 603; *Rodriguez,* 770 F.3d. Appx. at 22.

First, "[t]he Guidelines contain several examples where 'physical injury' is distinguished from property damage or where the phrase clearly refers to injury to a person." *Id.*; *e.g.*, U.S.S.G. § 5K2.2 (authorizing upward departure "[i]f significant physical injury resulted," with the extent of the departure corresponding to the extent of the injury that the "victim suffers"); U.S.S.G. § 2C1.1(c)(3) (providing cross-

reference "if the offense involved a threat of physical injury or property destruction");

U.S.S.G. § 2J1.2(b)(1)(B) (providing offense-level increase "if the offense involved

causing or threatening to cause physical injury to a person, or property damage, in

order to obstruct the administration of justice"); U.S.S.G. § 2J1.3(b)(1) (providing

offense-level increase "[i]f the offense involved causing or threatening to cause

physical injury to a person, or property damage, in order to suborn perjury"); U.S.S.G.

§ 5K2.12 ("Ordinarily coercion will be sufficiently serious to warrant departure only

when it involves a threat of physical injury, substantial damage to property or similar

injury resulting from the unlawful action of a third party or from a natural

emergency."); *see also Camp,* 903 F.3d 603 ("[W]e agree with the Ninth Circuit that

the 'most natural reading of the text of the [Guidelines extortion] definition,

particularly its reference to 'physical injury,' is that it requires that the 'wrongful use

of force, fear, or threats be directed against the person of another, not property.'

*Edling*, 895 F.3d at 1157"); *Rodriguez*, 770 F.3d Appx. at 22 (the Guidelines use the

term "physical injury" "consistently to refer to injury to persons, not to property. Our

sister circuits agree. *Camp*, 903 F.3d at 603; *Edling*, 895 F.3d at 1157-58"); *Eason*,

953 F.3d at 1194)("We agree with the Sixth Circuit in *Camp* that "the most natural

reading of the text of the definition, particularly its reference to 'physical injury,'

requires that the wrongful use or force, fear, or threats be directed against the person

of another, not property…We thus are convinced that the Guidelines' definition of

extortion excludes fear or threats of harm to property and that, because Hobbs Act robbery can be committed by a threat to property alone, it does not satisfy that definition.").

Second, "Black's Law Dictionary lends further support, defining 'physical injury' as 'bodily injury,' which in turn is defined as 'physical damage to a person's body.'" *O'Connor*, 874 F.3d a1157 (quoting Black's Law Dictionary (10th ed. 2014)); *Camp*, 903 F.3d at 603 (same); *Rodriguez*, 770 Fed. Appx. at 22 (same).

Third, the above-listed factors, "combined with the Commission's goal of focusing the career offender enhancements [on] the 'most dangerous' subset of extortioners, *see* Amendment 798 at 131, suggest Guidelines extortion no longer includes threats to property." *O'Connor*, 874 F.3d at 1157; *see also Camp,* 903 F.3d at 603 (same).

After considering all these reasons, the Tenth Circuit held that the rule of lenity requires the Court to read the § 4B1.2 extortion definition to exclude threats to property. *O'Connor,* 874 F.3d at 1157-58. In turn, the Court held that Hobbs Act robbery, which includes threats to property, is not extortion. The Third and Sixth Circuits were even stronger in concluding as such. They found that Hobbs Act robbery is not extortion. They reached the same conclusion without even relying on the rule of lenity. *See Rodriguez,* 770 Fed. Appx. at 22 ("Because we find no ambiguity in the text, we need not resort to the rule of lenity"); *Camp,* 903 F.3d at 603-04

29

(concluding that Hobbs Act robbery is not extortion without resorting to rule of lenity). Likewise, the Ninth Circuit, relying on *O'Connor*, held that the identical Nevada robbery statute, which includes threats to property, is not a § 4B1.2 extortion. *Edling,* 891 F.3d 1190.

In sum, because the explicit statutory terms of Hobbs Act robbery include threats of *future* harm, as well as threats against *property*, the offense categorically fails to qualify as a "crime of violence" under either the force clause or the enumerated offenses clause of the career offender provision (U.S.S.G. § 4B1.2(a)). Therefore, Mr. Green is not a career offender.

## CONCLUSION

For the foregoing reasons, this Court should vacate sentence ad remand this case to the district court for resentencing without the career offender enhancement.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant respectfully requests oral argument due to the importance of the issue presented.

30

Respectfully submitted,

<u>Julie M. Reamy</u>
Counsel for Appellant

JULIE M. REAMY | Attorney at Law, LLC
115 W. Saratoga Street
Baltimore, Maryland 21201
Telephone: (410) 605-0000
Fax: (410) 697-4006
Email: juliereamy@gmail.com

## CERTIFICATE OF COMPLIANCE

Undersigned counsel hereby certifies that brief complies with Federal Rules of Appellate Procedure 28(a) and 32(a)(5) as follows:

This brief has been prepared in Microsoft Word format, Times New Roman Font, 14 Point, and contains 7475 words.

May 26, 2020.

/s/ Julie M. Reamy
Julie M. Reamy
JULIE M. REAMY | Attorney at Law, LLC
115 W. Saratoga Street
Baltimore, Maryland 21201
Telephone: (410) 605-0000
Fax: (410) 697-4006
Email: juliereamy@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of May 2020, I electronically filed the foregoing Opening Brief of Appellant with the Clerk of Court for the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

I further certify, that on this 26th day of May 2020, I served the Joint Appendix Sealed Volume II, via USPS, on counsel listed below:

Charles Austin
Assistant United States Attorney
OFFICE OF THE UNITED STATES ATTORNEY
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
Chalres.austin@usdoj.gov


/s/ Julie M. Reamy
Julie M. Reamy
JULIE M. REAMY | Attorney at Law, LLC
115 W. Saratoga Street
Baltimore, Maryland 21201
Telephone: (410) 605-0000
Fax: (410) 697-4006
Email: juliereamy@gmail.com